**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 11-cv-02085-CMA-MJW

ROBERT TURNER,

      Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

      Defendant.

---

**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**

---

      This matter is before the Court on Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment, filed on June 15, 2012. (Doc. # 25.) In this case, Plaintiff brings two claims under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112, a discrimination claim and a failure to accommodate claim. In the instant motion, Defendant requests that the Court grant summary judgment on these two claims. Plaintiff responded on July 10, 2012, and Defendant replied on July 27, 2012. (Doc. ## 30, 39.) Upon review of the parties' briefing and the evidence referenced therein, it is apparent that there exist genuine issues of material fact that preclude a grant of summary judgment on either of Plaintiff's ADA claims.

      Although the Court denies the motion for summary judgment, Defendant argues that Plaintiff's potential damages are limited under the after-acquired evidence doctrine discussed in *McKennon v. Nashville Banner Publishing Co.*, 513 U.S. 352 (1995).

In *McKennon*, the Supreme Court held that after acquired evidence of misconduct by the former employee during the time of employment, while not relieving the employer of liability, may affect the issue of damages.  *Id*. 354.  To determine whether damages should be limited on the basis of after-acquired evidence, the Court employs a two-step process. *Perkins v. Silver Mountain Sports Club & Spa, LLC*, 557 F.3d 1141, 1145 (10th Cir. 2009).  First, the employer must demonstrate "that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge."  *McKennon*, 513 U.S. at 362-63; *see Ricky v. Mapco, Inc.*, 50 F.3d 874, 876 (10th Cir. 1995) (stating the employer must show not only that it was unaware of the misconduct when it terminated the employee, but also that the misconduct was serious enough to justify termination and that the employer would have terminated the employee if it had known of the misconduct).  If the employer can make this initial showing, the after-acquired evidence may be considered to limit the damages available to a wrongfully terminated employee. *See McKennon*, 513 U.S. at 362 ("The beginning point in the trial court's formulation of a remedy should be calculation of backpay from the date of the unlawful discharge to the date the new information was discovered.").

During the course of discovery in this case, Defendant learned that Plaintiff had secretly recorded over a dozen meetings with his supervisors, without their knowledge. Defendant has attached its Code of Conduct Policy, which prohibits employees from "[u]sing equipment to videotape, audiotape or take photographs on the Home Depot's

property." (Doc. # 52-21 at 7.)  This prohibition is considered a "major work rule violation" that "will normally result in termination of employment for a first offense." (*Id.* at 6.)  Additionally, Defendant has submitted an affidavit from Hanh Pham, a District Manager for Defendant.  Mr. Pham attests that had Defendant "been aware of an associate secretly audiotaping multiple meetings with his managers without specific authorization, the associate would have been terminated for this misconduct." (Doc. # 25-22 at 2.)  Mr. Pham also attests that other associates have been terminated for "engaging in unauthorized recordings in the store." (*Id.*)  Plaintiff offers no evidence to rebut Defendant's contention that it would have fired Plaintiff had it known of his surreptitious recordings, only speculating that the policy might not be enforced "if theft or a security violation . . . was expected." (Doc. # 30 at 14.)  As Defendant points out, Plaintiff does not allege that he was acting to investigate theft or a security violation, and so Plaintiff's unfounded speculation is irrelevant.  Plaintiff also claims that he was not aware that secretly recording meetings violated store policy.  Again, this is irrelevant because the only issue is whether Defendant would have terminated Plaintiff had it known that he was secretly recording meetings with his supervisors.  Thus, the Court finds that Defendant has established Plaintiff's wrongdoing was of such severity that Plaintiff would have been terminated on those grounds alone if Defendant had known of it at the time of the discharge. *McKennon*, 513 U.S. at 362-63.

It is undisputed that Defendant discovered the fact that Plaintiff had been secretly recording his meetings with his supervisors for the first time when Plaintiff revealed

them in his initial disclosures on October 28, 2011.  (Doc. # 25, ¶ 25.)  Thus, the Court

finds that any damages Plaintiff receives in this case should be cut off as of October 28,

2011.  *See McKennon*, 513 U.S. at 362.

Based on the foregoing, it is ORDERED that Defendant's Motion for Summary

Judgment (Doc. # 25) is DENIED.

DATED:  October __16__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge