IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Christine M. Arguello**

Civil Action No. 11-cv-02085-CMA-MJW

ROBERT TURNER,

    Plaintiff,

v.

HOME DEPOT U.S.A., INC., a Delaware corporation,

    Defendant.

---

**ORDER DENYING MOTION TO RECONSIDER SUMMARY JUDGMENT RULING**

---

This matter is before the Court on Plaintiff Robert Turner's Motion to Reconsider Summary Judgment Ruling (Doc. # 47), filed October 29, 2012. Defendant responded on November 23, 2012. (Doc. # 48.)

On October 16, 2012, this Court issued an Order denying Defendant Home Depot U.S.A., Inc.'s Motion for Summary Judgment. (Doc. # 46.) However, the Court agreed with Defendant that Plaintiff's damages were limited based on the after-acquired evidence doctrine. (*Id.*) During the course of discovery in this case, Defendant learned that Plaintiff had secretly recorded over a dozen meetings with his supervisors without their knowledge. Plaintiff admits that these secret recordings constituted a major work rule violation under Defendant's Code of Conduct policy, and that such violations "normally result in termination of employment for a first offense." (Doc. # 47-1.)

In support of its Motion for Summary Judgment, Defendant submitted an affidavit from Hanh Pham, a District Manager for Defendant. (Doc. # 25-22.) Mr. Pham attested that had Defendant "been aware of an associate secretly audiotaping multiple meetings with his managers without specific authorization, the associate would have been terminated for this misconduct." Mr. Pham also attested that other associates have been terminated for "engaging in unauthorized recordings in the store." (*Id*. at 2) Plaintiff offered no evidence to rebut Defendant's contention that it would have fired Plaintiff had it known of his surreptitious recordings. (Doc. # 30 at 14.) On the uncontested facts presented by Defendant, the Court found that "Defendant has established Plaintiff's wrongdoing was of such severity that Plaintiff would have been terminated on those grounds alone if Defendant had known of it at the time of the discharge." (Doc. # 46 at 3.)

In his Motion to Reconsider, Plaintiff contends that Defendant did not meet its burden of proving that it would have terminated Plaintiff had it known of the secret recordings. The three major grounds that justify reconsideration are (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. *Id.* (citing *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir.1991)).

Plaintiff does not claim that there has been an intervening change in controlling law, nor does he present any new evidence suitable for the Court's consideration.[1] Although Plaintiff does not cite the *Servants of the Paraclete* standard, the Court construes the instant Motion to Reconsider as invoking the need to correct clear error or prevent manifest injustice.

Plaintiff first argues that it is inappropriate to determine issue of damages at the summary judgment stage, and the Court therefore should not have considered Defendant's after-acquired evidence defense. To support this argument, Plaintiff cites to *Bozeman v. Per-Se Technologies, Inc.*, which stated that the after-acquired evidence defense "relates to damages and, as such, is not relevant at the summary judgment stage." 456 F. Supp. 2d 1282, 1291 n.10 (N.D. Ga. 2006). Although *Bozeman* is helpful to Plaintiff's position, this Court is not bound by that decision and Plaintiff cites no relevant authority from the Tenth Circuit. Moreover, *Bozeman* made this statement in passing without any legal analysis or citation. *See id.* In a much more thorough order (at least on this issue), another district court in the Northern District of Georgia has sharply disagreed with *Bozeman* and held that the after-acquired evidence defense

---

[1] Plaintiff attaches his own affidavit, in which he claims that he has personal knowledge "of numerous instances of major rule violations that did not result in termination of the employee." (Doc. # 47-2.) When a party supplements a motion to reconsider with new evidence, such evidence should be considered only if the movant shows "either that the evidence is newly discovered [and] if the evidence was available at the time of the decision being challenged, that counsel made a diligent yet unsuccessful effort to discover the evidence." *Comm. for the First Amendment v. Campbell*, 962 F.2d 1517, 1523 (10th Cir. 1992) (citation omitted). Here, there is no reason that Plaintiff could have not included his affidavit in his Response to Motion for Summary Judgment. (Doc. # 30.) As such, the Court will not consider Plaintiff's affidavit here.

is appropriately evaluated at the summary judgment stage.  *See Haines v. Cherokee Ctny.*, No. 08-CV-2916, 2010 WL 28211853, at *30-31 (N.D. Ga. Feb. 16, 2010) (unpublished).  As *Haines* observes, numerous other district courts have addressed the after-acquired evidence defense on summary judgment.  *See id.* at *31 (listing cases).  Such an approach is also consistent with the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 56(d) ("the court . . . may enter an order stating any material fact – including **an item of damages or other relief** – that is not genuinely in dispute . . . .") (emphasis added).

Plaintiff's second argument is that the record submitted by Defendant was insufficient to justify summary judgment on the after-acquired evidence defense.  This is merely a re-framed and longer version of the same argument previously advanced by Plaintiff in his Response to the Motion for Summary Judgment.  Although Plaintiff presents his argument more persuasively in the instant motion than he did in his previously filed briefing,[2] the Court will not reconsider its Order because Plaintiff offers no explanation or justification for why he failed to present this expanded version of his argument earlier.  The purpose of a motion to reconsider is not to provide a litigant with opportunity to fine-tune arguments that were poorly presented the first time around.  *See Servants of the Paraclete*, 204 F.3d at 1012.

---

[2]  This is not to say that the Court would have denied summary judgment on the after-acquired evidence doctrine had Plaintiff presented his case better in the first instance.  Even in the instant Motion to Reconsider, Plaintiff has still failed to rebut Defendant's evidence that it would have fired Plaintiff had it known that he had been secretly recording meetings with his managers.

Accordingly, it is ORDERED that Plaintiff's Motion to Reconsider Summary Judgment Ruling (Doc. # 47) is DENIED.

DATED: December __04__, 2012

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge